```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-10116-CIV-KING
                                    MAGISTRATE JUDGE P.A. WHITE
```

CHRISTOPHER CROWLEY,              :

    Plaintiff,                :

v.                                :     <u>REPORT</u>
                                   <u>OF MAGISTRATE JUDGE</u>
SHERIFF BOB PERYAM, et al.,       :(DE#s29, 30, 31, 32, 33, & 34)

    Defendants.               :
_____

## I. Introduction

The plaintiff, Christopher Crowley filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983. [DE #1]. The plaintiff has been granted leave to proceed <u>in forma pauperis</u>.

This Cause is before the Court upon a screening of the Motions to Dismiss filed by Defendants Sheriff Bob Peryam, Chief Tommy Taylor, Captain Timothy Age, Sgt. Darlene McCloud, Director Keena Allen and Officer Lenny Piatetski. The defendants argue that the plaintiff has failed to state a claim against them.

## II. Analysis

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See <u>Fed.R.Civ.P.</u> 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to

dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff names as defendants Sheriff Bob Peryam, Chief Tommy Taylor, Captain Timothy Age, Sgt. Darlene McCloud, Officer Director Keena Allen and Officer Lenny Piatetski, and multiple John Does, all employed at the Monroe County Jail.

The plaintiff, a pre-trial detainee is housed in Alpha unita under protective custody. This unit also houses inmates on disciplinary confinement. He claims his confinement is treated as a punishment. He claims he is locked in his cell for 165 hours, gets 3 hours a week to shower, use the phone or recreation, in a locked small yard. He has no exercise equipment, and no board games. Furthermore, there are no religious classes or church services, no education classes, no AA meetings or anger management classes. Telephone use is restricted, and there are no radios, or use of head phones or newspapers. He feels cut off from the rest of the world. The cell doors are covered with brown paper. He is

prohibited from speaking to other inmates during recreation. Towels must be bought from the commissary, however paper towels are available. The mattresses and pillows are very thin. Pictures of women partially clothed women are prohibited, and magazines are restricted. He cannot earn good time credit and cannot work in the unit.

He further alleged that Officer Piatetski made sexual remarks to him, and he feared a sexual assault. He attempted to write grievances, which Sgt McCloud intercepted and handed back, stating that the facility did not have a grievance committee.  He claims anxiety attacks caused him to pass out, causing injury to his back and neck and migraine headaches.  He claims Piatetski told inmates he is a criminal informant, in retaliation for the grievances he filed against him, and he is in fear for his life. He seeks monetary damages and injunctive relief.

   A. <u>Sheriff Peryam's Motion to Dismiss</u> (DE#34)
   B. <u>Chief Tommy Taylor's Motion to Dismiss (DE#33)</u>

Peryam and Taylor both correctly argue that the plaintiff has failed to state a claim against them. Peryam is clearly named in his supervisory capacity as sheriff, and held liable for the appointment and supervision of the Chief Jailer at the Monroe County Detention Center.

Taylor is named as the Chief Jailer of the Detention Center, and responsible for the operations of the jail, and the lawful care and maintenance of its inmates.

The claims against Peryam and Taylor can be interpreted as an attempt to hold them liable simply because each is a supervisory officer, and such claims cannot proceed. Public officials in

3

supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. <u>Robertson v. Sichel</u>, 127 U.S. 507 (1888); <u>Byrd v. Clark</u>, 783 F.2d 1002, 1008 (11 Cir. 1986). Nor can liability be predicated solely upon the doctrine of <u>respondeat superior</u> in a §1983 action. <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Vineyard v. County of Murray, Georgia</u>, 990 F.2d 1207 (11 Cir. 1993). The plaintiff makes no direct allegations against Sheriff Peryam. He cannot be sued for liability merely for an improper or even unconstitutional act of her employees under a theory of <u>respondeat superior</u>. If a plaintiff sues a supervisor, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978); <u>Mandel v. Doe</u>, 888 F.2d 782 (11 Cir. 1989). The plaintiff bears the burden of establishing a causal link between a government policy or custom and the injury which is alleged. <u>Byrd v. Clark</u>, 783 F.3d 1002, 1008 (11 Cir. 1986)(citing <u>Monell</u>, <u>supra</u>). <u>See also</u>; <u>Ashcroft v Iqbal</u>,129 S.Ct. 1937 (2009) (Heightened pleading standard for supervisory liability).

Under appropriate circumstances the failure to adequately train or supervise may give rise to a claim cognizable under §1983, <u>see</u> <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378 (1989). Mere conclusory allegations of failure to train, however, are not enough; and the courts have generally held that there is no affirmative constitutional duty on the part of a supervising public official to train, supervise, or discipline subordinates so as to prevent constitutional torts, except where the supervisor has contemporaneous knowledge of an offending incident or knowledge of a prior pattern of similar incidents, and circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate. See <u>Chinchello v.</u>

4

Fenton, 805 F.2d 126, 133-34 (3 Cir. 1986). The Eleventh Circuit has held that nothing less than a showing of gross negligence is required to establish liability for inadequate training. Cannon v. Taylor, 782 F.2d 947, 951 (11 Cir. 1986).

The plaintiff has clearly failed to state a claim against Sheriff Peryam and Chief Taylor, and they should be dismissed from this lawsuit.

C. Director Keen Allen's Motion to Dismiss (DE#30)
D. Defendant Captain Age's Motion to Dismiss (DE#29)

The plaintiff is essentially alleging unconstitutional conditions of confinement. He alleges that Allen is responsible for the deprivations he suffers in protective custody and Age is named as being responsible for implementing and enforcing policy and procedure and the safety of the inmates. Defendants Age and Allen correctly argue that the plaintiff has failed to demonstrate a causal connection between any acts by these defendants and the deprivation of a constitutional right.

The Eighth Amendment's prohibition on cruel and unusual punishments imposes a duty on prison officials to provide prisoners with "humane conditions of confinement".[1] Farmer v. Brennan, 511 U.S. 825, 832-34 (1994). The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the

---

[1] Because the plaintiff is apparently a pretrial detainee, his claims arise under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571-74 (11 Cir.), cert. denied, 475 U.S. 1096 (1986). In any event, the standards are the same. Id.

Eighth Amendment. <u>Farrow v. West</u>, 320 F.3d 1235, 1242 (11 Cir. 2003). The plaintiff must demonstrate that he was exposed to extreme deprivation. <u>Rhodes v Chapman</u>, 452 U.S. 337, 347 (1981).

The plaintiff has not raised any allegations that he has suffered any individual violation of his constitutional rights. The denial of recreation, and other deprivations are a result of his being placed in a protective custody setting. The defendants are responsible for the plaintiff's safety, and must weigh this responsibility against his desire to exercise.

Further, the plaintiff has no constitutionally guaranteed right to many of the deprivations alleged, i.e. there is no constitutional right to possess pictures of women in bathing suits and under garments. The restrictions of shower use, phone use, magazines, exercise equipment, inability to talk to other inmates and socialize, etc., may sound bleak, but there are no allegations that these restrictions are used against him individually, but as a means of protecting the safety of inmates in protective confinement.

Moreover, under 42 U.S.C. §1997e(e), in order to assert a claim for which relief could be granted for a claim of an unconstitutional condition of confinement, there must be an allegation of a specific physical injury, <u>i.e.</u>, an injury which is an "observable or diagnosable medical condition requiring treatment by a medical care professional." <u>Luong v. Hatt</u>, 979 F.Supp. 481, 485-6 (N.D. Texas 1997). Moreover, there can be no recovery for mental or emotional injury suffered while in custody without such a physical injury, which rises above the <u>de minimis</u> level. <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5 Cir. 1997). The plaintiff has

6

alleged no physical injuries. It is therefore recommended that Defendant Allen and Age should be dismissed from this lawsuit.

E. Defendant Sgt.Darlene McCloud's Motion to Dismiss (DE#31)

The plaintiff alleges that McCloud failed to adequately respond to the plaintiff's grievance regarding Deputy Piatetski's verbal threat of sexual assault, and intercepted grievances the plaintiff filed which he addressed to other officers in the jail. She told him the facility did not have a grievance committee or a proper grievance form. She informed him that she spoke to Piatetski and he told her he made the sexual threat, but only because the plaintiff called him names.

The plaintiff alleges a denial of due process. Inmates do not have a constitutional right to participate in a grievance procedure. Wildberger v Bracknell 869 F.2d 1467 (11 Cir. 1989). There is no right to a particular type of process in the handling of prison grievances. The Constitution does not entitle prisoners and pretrial detainees in state or federal facilities to grievance procedures, Adams v. Rice, 40 F.3d 72, 75 (4 Cir. 1994), cert. denied 514 U.S. 1022 (1995); Buckley v. Barlow, 997 F.2d 494, 495 (8 Cir. 1993); Flick v. Alba, 932 F.2d 728, 729 (8 Cir. 1991); Stewart v. Block, 938 F.Supp. 582, 588 (C.D. Cal. 1996); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994); and since even if a grievance mechanism has been created for the use of states inmates the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause, Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7 Cir. 1996); Hoover v. Watson, 886 F.Supp. 410, 418 (D. Del. 1995); Brown v. Dodson, supra at 285; and thus, if the state elects to provide a grievance mechanism, violations of its procedures, or

7

even a failure to respond to the prison grievance, do not give rise to a §1983 claim, <u>Buckley v. Barlow</u>, <u>supra</u>, 997 F.2d at 495; <u>Hoover v. Watson</u>, <u>supra</u>, 886 F.Supp. at 418-19. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance. <u>Flick v. Alba</u>, <u>supra</u>, 932 F.2d at 729. In this case, where a grievance procedure was allegedly not in place, Federal Courts do not sit as appellate tribunal for prison grievance procedures. <u>Larkin v FN Lawrence</u>, 2010 WL 724107 (SD Ga). This defendant should be dismissed.

F. <u>Defendant Lenny Piatetski's Motion to Dismiss</u> (DE#32)

The defendant argues that the claims against him alleging that he threatened the plaintiff with sexual assault should be dismissed. The defendant correctly argues that verbal threats fails to state a constitutional violation.  Verbal harassment does not state a claim for relief under §1983.  <u>See</u> <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1252 (9 Cir. 1982)(federal court cannot order guards to refrain from using racial slurs to harass prisoners); <u>Burton v. Livingston</u>, 791 F.2d 97, 101 n. 1 (8 Cir. 1986)(use of racial slurs in prison does not offend Constitution); <u>McFadden v. Lucas</u>, 713 F.2d 143, 146 (5 Cir.), <u>cert. denied</u>, 464 U.S. 998 (1983) (threatening language and gestures).

There are recognized exceptions to the general rule, under which the conduct may rise to the level of a constitutional deprivation: for example, when verbal threats are accompanied by physical force or the present ability to effectuate the threat, <u>Harris v. Lord</u>, 957 F.Supp. 471, 475 (S.D.N.Y. 1997); <u>Jermosen v. Coughlin</u>, 878 F.Supp. 444, 449 (N.D.N.Y. 1995), or the person to

whom the verbal abuse is directed is terrorized by threats accompanied by racial slurs, Hopson v. Frederickson, 961 F.2d 1374, 1378-79 (8 Cir. 1992); Burton v. Livingston, 791 F.2d 97 (8 Cir. 1986).

However, idle threats alone, without any other conduct have been held not to constitute a §1983 claim. See Reed v Barnes, 2005 WL 1278868 (ND. FL 2005); Moore v Bucher, 2006 SL 1451544(ND Fl 2006). In this case, it is clear that this claim should be dismissed against the defendant.

The plaintiff further claims that he then filed a grievance against Piatetskis for verbally threatening him. He claims that Piatetskis, in retaliation for filing the grievance against him, informed the other inmates that he was a snitch, and he now feels his life is in danger.

Claims of retaliation by prison officials, including retaliation against an inmate for filing lawsuits, are cognizable in a civil rights suit for damages. See Adams v. Wainwright, 875 F.2d l536 (11 Cir. 1989); Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). This principle is applicable even where the action taken would not otherwise offend the Constitution. Wright v. Newsome, 795 F.2d 964, 968 (11 Cir. 1986). The plaintiff has minimally stated a claim for retaliation against Piatetskis, and this claim should proceed.

### III. Conclusion

It is therefore recommended as follows:

1. The motions to dismiss filed by Defendants' Age (DE#29), Allen (DE#30), McCloud (DE#31), Taylor (DE#33) and Peryam (De#34) be granted, and it is recommended that these defendants be dismissed from this case.

2. The motion to dismiss filed by Defendant Piatetski (DE#32) be granted as to the claims of verbal threats, but denied as to the claim of retaliation, and the claim shall proceed against this defendant on that sole claim.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 4th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Christopher Crowley, III, Pro Se
      Monroe County Detention Center
      Key West, FL
      Address of record

      Jason Scarberry, Esq.
      Purdy, Jolly, Giuffreda and Barranco
      Attorney of record