UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-CV-10116-KING

CHRISTOPHER CROWLEY,

    Plaintiff,

vs.

SHERIFF BOB PERYAM,
CHIEF TOMMY TAYLOR,
CAPTAIN TIMOTHY AGE,
SGT. DARLENE MCCLOUD,
OFFICER/DIRECTOR KEENA ALLEN,
OFFICER LENNY PIATETSKI,

    Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon the April 4, 2010 Report and Recommendation of Magistrate Judge Patrick A. White (D.E. #37), recommending the Court dismiss five of the Defendants in this case and proceed against the remaining Defendant. No objections have been filed and the time to do so has passed.

Plaintiff Christopher Crowley filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, (D.E. #1), against six named Defendants and six unnamed Defendants. The named Defendants – Sheriff Bob Peryam, Chief Tommy Taylor, Captain Timothy Age, Sgt. Darlene McCloud, Officer/Director Keena Allen, and Officer Lenny Piatetski – filed six, separate Motions to Dismiss (D.E. #29-34). Plaintiff is a pre-trial detainee housed in the Monroe County Detention Center's Alpha Unit under protective custody. The Complaint challenges the conditions of his detention as unconstitutional ("Count I"), alleging that they have caused him to suffer "anxiety attacks," "fainting" and resulting "injuries to back and head," "migrain[e]

headaches," and "psychical and emotional injuries" including "paranoia" and "depression." Plaintiff also alleges that Defendant McCloud interfered with his filing of grievances ("Count II"); that Defendant Piatetski made verbal threats against him ("Count III"); and that Defendant Piatetski informed the other inmates that Plaintiff was a criminal informant, in retaliation for Plaintiff's attempts to file grievances against him ("Count IV"). Plaintiff seeks monetary damages and injunctive relief. After considering the Defendants' Motions, Judge White found that Plaintiff's Counts I-III should be dismissed for failure to state a cause of action and that Count IV should proceed against Defendant Piatetski. After a careful review of the record and the Court being otherwise fully advised, the Court finds that it agrees with Judge White's reasoning and conclusions on Counts II, III, and IV, and with Judge White's conclusions but not his reasoning on Count I.

With regard to Count I, Judge White bases his decision to dismiss on Plaintiff's failure to allege specific physical injuries. While not agreeing with that as a basis for dismissal – since Plaintiff's alleged anxiety attacks, migraines, and injuries to the back and head are sufficient injuries at this pleading stage – the Court agrees with Judge White's determination that the *pro se* Complaint does not adequately demonstrate that the alleged harms reach the level of a constitutional violation.

Plaintiff is a pre-trial detainee. His claims therefore arise under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("The Court of Appeals properly relied on the Due Process Clause rather than the Eighth Amendment in considering the claims of pretrial detainees."). However, the Eleventh Circuit has held that the standard under the Due Process Clause is identical to the standard under the Eighth Amendment. *Hamm v. De*

*Kalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985) ("This court holds that in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons."). Because Plaintiff has not alleged an injury that could plausibly rise to the level of a constitutional violation, such as the deprivation of a basic necessity, his Complaint fails to state a claim upon which relief can be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Therefore, agreeing with Judge White's conclusions, the Court finds that Count I, as against all Defendants, should be DISMISSED for failure to allege a constitutional violation.

Furthermore, we agree with Judge White's determination that the allegation of retaliation for Plaintiff's attempts to file grievances should proceed against Defendant Piatetski (Count IV). In this Circuit, "actions that might not otherwise be offensive to the Constitution" may successfully be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances[,]" because "[t]his type of retaliation violates both the inmate's right of access to the courts, and the inmate's First Amendment rights." *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986) (internal citations omitted); s*ee also Bridges v. Russell*, 757 F.2d 1155 (11th Cir.1985) (reversing the dismissal of a *pro se* plaintiff's 42 U.S.C. § 1983 claim alleging that he was the victim of retribution for, *inter alia*, filing a grievance).

Insofar as the Complaint can be read to allege that the other Defendants were liable in a supervisory capacity for Defendant Piatetski's alleged constitutional violation, such claims should be dismissed. A supervisor "is liable under the Civil Rights Act, 42 U.S.C. § 1983, for the unconstitutional acts of his subordinates if he 'personally participated in the allegedly

unconstitutional conduct or if there is "a causal connection between [his] actions . . . and the alleged constitutional deprivation."'" *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (alteration in original))). Plaintiff has not adequately alleged that any other Defendant causally contributed to Defendant Piatetski's allegedly unconstitutional retaliation.

The Court agrees with and accepts Judge White's conclusions in every respect, albeit on different grounds with respect to Count I. Otherwise, the Court concludes that the R&R contains thorough and well-reasoned recommendations. Accordingly, the Court being otherwise fully advised, it is ORDERED, ADJUDGED and DECREED as follows:

1. Magistrate Judge Patrick A. White's April 4, 2010 Report and Recommendation (**D.E. #37**) be, and the same is hereby **AFFIRMED** and **ADOPTED**.

2. Defendant Age's Motion to Dismiss (**D.E. #29**) be, and the same is hereby, **GRANTED**; Defendant Allen's Motion to Dismiss (**D.E. #30**) be, and the same is hereby, **GRANTED**; Defendant McCloud's Motion to Dismiss (**D.E. #31**) be, and the same is hereby, **GRANTED**; Defendant Taylor's Motion to Dismiss (**D.E. #33**) be, and the same is hereby, **GRANTED**; and Defendant Peryam's Motion to Dismiss (**D.E. #34**) be, and the same is hereby, **GRANTED**.

3. Defendant Piatetski's Motion to Dismiss (**D.E. #32**) is hereby **GRANTED** in part and **DENIED** in part, as follows:

    a. Count III (verbal threat) is hereby **DISMISSED WITH PREJUDICE.**

    b. Defendant Piatetski's Motion to Dismiss is **DENIED** in all other

respects as it relates to Plaintiff's well-pleaded claim of retaliation (Count IV).

4. Defendant Age, Defendant Allen, Defendant McCloud, Defendant Taylor, and Defendant Peryam be, and the same are hereby, **DISMISSED** from the above styled action.

5. Defendant Piatetski shall Answer within thirty (30) days from the date of this Order.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 11th day of June, 2010.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: The Honorable Patrick A. White

*Plaintiff:*
Christopher Crowley, III, *Pro Se*
Inmate No. 1001662
Monroe County Detention Center
5501 College Road
Key West, FL 33040

*Defendants' Attorney:*
Jason L. Scarberry, Esquire
Purdy, Jolly, Giuffreda, and Barranco
2455 East Sunrise Boulevard
Suite 1216
Fort Lauderdale, FL 33304